JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Winnie Nichols and Brian Gary Nichols

**DEFENDANTS**

Paulina Bartolewski, Gianna Utility Construction and Kevin Crocker

**(b)** County of Residence of First Listed Plaintiff   Atlantic
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

John F. Fox, Jr., Esquire (Fox Law, P.C.) P.O. Box 220, Plymouth Meeting, PA 19462 - 215-568-6868

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical Personal Injury |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☒ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☒ 362 Personal Injury - Medical Malpractice |  | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332 - Diversity

Brief description of cause:
MVA caused by Defendants

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
In Excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   8-10-17

SIGNATURE OF ATTORNEY OF RECORD   [signature]

**FOR OFFICE USE ONLY**

RECEIPT #   _____   AMOUNT   _____   APPLYING IFP   _____   JUDGE   _____   MAG. JUDGE   _____

AUG 14 2017

17-3653

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1395 Bally Bunion Drive, Egg Harbor City, N.J. 08215

Address of Defendant: 54 Red Rose Lane, Levittown, PA 19056

Place of Accident, Incident or Transaction: WB on PA Turnpike at MM 340.5 Upper Dublin Twp., MC, PA
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes□  No☒

Does this case involve multidistrict litigation possibilities?      Yes□  No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____      Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
      Yes□  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
      Yes□  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
      Yes□  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
      Yes□  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. □ Indemnity Contract, Marine Contract, and All Other Contracts
2. □ FELA
3. □ Jones Act-Personal Injury
4. □ Antitrust
5. □ Patent
6. □ Labor-Management Relations
7. □ Civil Rights
8. □ Habeas Corpus
9. □ Securities Act(s) Cases
10. □ Social Security Review Cases
11. □ All other Federal Question Cases
      (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. □ Insurance Contract and Other Contracts
2. □ Airplane Personal Injury
3. □ Assault, Defamation
4. □ Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. □ Other Personal Injury (Please specify)
7. □ Products Liability
8. □ Products Liability — Asbestos
9. □ All other Diversity Cases
      (Please specify) _____

**ARBITRATION CERTIFICATION**
(*Check Appropriate Category*)
I, _____, counsel of record do hereby certify:
□ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
□ Relief other than monetary damages is sought.

DATE: _____      _____      _____
                          Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8-10-17      _____      31854
                   Attorney-at-Law       Attorney I.D.#

CIV. 609 (5/2012)

AUG 14 2017



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Winnie Nichols and Brian Gary Nichols | : | CIVIL ACTION |
| v. | : | **17  3653** |
| Paulina Bartolewski, Gianna Utility Construction and  Kevin Crocker | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
      exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management by
      the court. (See reverse side of this form for a detailed explanation of special
      management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| | | |
|---|---|---|
| _2-10-17_ | _John F. Foy_ | John F. Fox, Jr.,Esquire |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiffs |
| 215-568-6868 | 215-568-2352 | JohnFox@JFoxLaw.Com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

AUG 14 2017



**JP**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WINNIE NICHOLS**<br>**1395 BALLY BUNION DRIVE**<br>**EGG HARBOR CITY, NJ 08215**<br>**and**<br>**BRIAN GARY NICHOLS**<br>**1395 BALLY BUNION DRIVE**<br>**EGG HARBOR CITY, NJ 08215** | **CIVIL ACTION**<br><br><br>**17    3653** |
| **vs.** | |
| **PAULINA BARTOLEWSKI**<br>**54 RED ROSE DRIVE**<br>**LEVITTOWN, PA 19056**<br>**and**<br>**GIANNA UTILITY CONSTRUCTION**<br>**9 RED ROSE DRIVE**<br>**LEVITTOWN, PA 19056**<br>**and**<br>**KEVIN CROCKER**<br>**9 RED ROSE DRIVE**<br>**LEVITTOWN, PA 19056** | **NO.**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT IN CIVIL ACTION

Plaintiffs Winnie Nichols and Brian Gary Nichols, by and through their undersigned counsel, herby file their complaint against defendants Paulina Bartolewski, Gianna Utility Construction, and Kevin Crocker, herein collectively referred to as "Defendants", as follows:

1.     The plaintiff Winnie Nichols is an adult individual who resides at 1395 Bally Bunion Drive, Egg Harbor City, New Jersey 08215.

2.     The plaintiff Brian Gary Nichols is an adult individual who resides at 1395 Bally Bunion Drive, Egg Harbor City, New Jersey 08215.

3.     Plaintiff Brian Nichols is married to plaintiff Winnie Nichols.

4.     Defendant Paulina Bartolewski is an adult individual who resides at 54 Red Rose Drive, Levittown, PA 19056.  Upon information and belief, defendant Paulina Bartolewski was

1

operating a black 2014 Dodge Ram in the regular course of her employment and/or agency relationship with co-defendants Gianna Utility Construction and Kevin Crocker.

5.      Defendant Kevin Crocker is an adult individual who resides at 9 Red Rose Drive, Levittown, PA 19056.  Upon information and belief, defendant Kevin Crocker was the employer of defendant Paulina Bartolewski and owned the black 2014 Dodge Ram involved in this accident.

6.      Defendant Gianna Utility Construction is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 9 Red Rose Drive, Levittown, PA 19056.  Upon information and belief, defendant Gianna Utility Construction was the employer of defendant Paulina Bartolewski and owned the black 2014 Dodge Ram involved in this accident.

## JURISDICTION

7.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 as the parties are domiciled in different states and the amount in controversy, exclusive of costs and interests, exceeds the sum of $75,000.

8.      Venue is proper in this judicial district pursuant to 28.U.S.C. §1391(c) as the defendants either reside or conduct substantial business in the Eastern District of Pennsylvania, and the acts giving rise to this claim, including the accident in question, occurred in the Eastern District of Pennsylvania.

## FACTS APPLICABLE TO ALL COUNTS

9.      On or about August 25, 2015, at approximately 9:48 a.m., plaintiff Winnie Nichols was lawfully operating her vehicle in the westbound direction on the Pennsylvania Turnpike at mile marker 340.5, Upper Dublin Township, Montgomery County, Pennsylvania.

At the aforesaid time and place, plaintiff Winnie Nichols was travelling in the left hand lane on the Pennsylvania Turnpike.

10.     At the aforesaid time and place, defendant Paulina Bartolewski was operating a black 2014 Dodge Ram, owned by defendants Gianna Utility Construction and/or Kevin Crocker, traveling in the left lane behind the vehicle operated by plaintiff Winnie Nichols, and suddenly began to tailgate the vehicle operated by plaintiff Winnie Nichols, simultaneously flashing her high beams so that plaintiff Winnie Nichols would move her vehicle from the left lane to the middle lane.

11.     Plaintiff Winnie Nichols could not move her vehicle from the left lane to the middle lane due to traffic in the middle lane.  Defendant Paulina Bartolewski continued to tailgate plaintiff Winnie Nichols' vehicle and flash her high beams.

12.     At the aforesaid time and place, defendant Paulina Bartolewski swerved her vehicle from the left lane into the middle lane, passing the vehicle operated by plaintiff Winnie Nichols, who was still travelling in the left lane.

13.     Defendant Paulina Bartolewski then negligently, recklessly and suddenly swerved from the middle lane back into the left lane, thereby cutting in front of plaintiff Winnie Nichols, causing impact to plaintiff Winnie Nichols' right front quarter panel and the rear of defendants' left rear quarter panel.

14.     Despite defendant Paulina Bartolewski knowing that her vehicle impacted the vehicle operated by Winnie Nichols, defendant Paulina Bartolewski did not stop and continued traveling down the Pennsylvania Turnpike.

15.     The impact caused plaintiff Winnie Nichols to suffer serious injuries which are set forth below.

3

## COUNT I
## PLAINTIFF WINNIE NICHOLS V DEFENDANT PAULINA BARTOLEWSKI

16.    Plaintiffs incorporate by reference paragraphs 1 through 14 inclusive of their complaint as if fully set forth herein at length.

17.    At all times material hereto, defendant Paulina Bartolewski owed a duty to plaintiff Winnie Nichols to act in a manner consistent with that of a motorist of reasonable prudence.

18.    The negligence, carelessness, and recklessness of defendant Paulina Bartolewski acting as aforesaid, consisted of the following:

(a) Operating said vehicle in a careless, negligent and reckless manner, to wit, improperly tailgating the vehicle operated by plaintiff Winnie Nichols; traveling past her in the middle lane at an excessive rate of speed, and then suddenly and without warning attempt to cut back in front of plaintiff's vehicle as defendant Pauline Bartolewska tried to squeeze her vehicle between another vehicle travelling in the middle lane and plaintiff's Winnie Nichol's vehicle;

(b) Operating said vehicle without due regard for the rights, safety, and position of plaintiff's vehicle, thereby causing the collision;

(c) Failing to have said vehicle under full, proper, and adequate control so as to prevent the vehicle from colliding with Plaintiff's vehicle;

(d) Operating said vehicle at an unsafe and excessive rate of speed;

(e) Operating said vehicle at a speed which was excessive under the circumstances.

4

(f) Failing to properly operate and control said vehicle so that it would not become a hazard;

(g) Operating said vehicle in an inattentive manner and/or while distracted;

(h) Failing to keep a proper lookout and observation;

(i) Failing to stop or slow said vehicle to avoid a collision;

(j) Failing to keep a safe distance from other vehicles on the roadway;

(k) Failing to maintain a safe distance between said vehicle and the Plaintiff's vehicle;

(l) Failing to reasonably respond to the actions of a fellow motorist;

(m) Operating said vehicle in a manner not consistent with the conditions then and there existing;

(n) Operating said vehicle in derogation of the duties imposed upon a motorist proceeding upon public roads/highways;

(o) Failing to stop after she knew she hit plaintiff's vehicle, leaving the scene of the accident.

(p) Violating the Rules of the Road and the laws of the Commonwealth of Pennsylvania governing the operation of motor vehicles on its streets and highways, which constitutes negligence *per se*;

19.     The aforesaid actions of defendant Paulina Bartolewski as described above constitutes a reckless disregard for the rights of motorists on the highway including plaintiff Winnie Nichols.

20.     Solely as a result of the negligence, carelessness, and recklessness of defendant Paulina Bartolewski, plaintiff Winnie Nichols has suffered injuries which are serious and

permanent in nature, including but not limited to a C4-5 bulge, C5-6 right herniation with annular tear, and C6-7 left herniation resulting in a C5-6 and C6-7 anterior cervical discectomy and fusion and instrumented arthrodesis. Plaintiff Winnie Nichols also suffered a T1-2 herniation; bulging disc annuli at L3-4, L4-5 and L5-S1; low back pain with bilateral lumbar radiculopathy; cervicalgia with bilateral cervical radiculopathy and scarring on her neck from the cervical discectomy, which injuries have caused her to seek medical treatment.

21.     As a result of the negligence, carelessness, and recklessness of defendant Paulina Bartolewski, plaintiff Winnie Nichols has been or will be required to receive and undergo medical attention and to expend various sums of money and to incur various expenses and she will be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

22.     As a result of the negligence, carelessness, and recklessness of defendant Paulina Bartolewski, plaintiff Winnie Nichols has a medically determined physical impairment which prevents plaintiff Winnie Nichols from adequately performing all or substantially all of the material acts and duties which constitute plaintiff Winnie Nichols's usual customary activities prior to the accident.

23.     As a further result of the negligence, carelessness, and recklessness of defendant Paulina Bartolewski, plaintiff Winnie Nichols has or may hereinafter incur other financial expenses which do or may achieve amounts that plaintiff Winnie Nichols may otherwise be entitled to recover including payment for medical bills.

24.     As a direct result of the negligence, carelessness, and recklessness of defendant Paulina Bartolewski, plaintiff Winnie Nichols has or may hereinafter suffer severe physical pain,

6

mental anguish, humiliation, embarrassment and scarring and she will continue to suffer same for an indefinite time in the future.

25. As a further result of the negligence, carelessness, and recklessness of defendant Paulina Bartolewski, plaintiff Winnie Nichols suffered a loss of life's pleasures which may continue into the future.

26. As a further result of the negligence, carelessness, and recklessness of defendant Paulina Bartolewski, plaintiff Winnie Nichols has and may continue to suffer severe loss of her earnings and an impairment of earning capacity and power.

WHEREFORE, plaintiff Winnie Nichols demands judgment in her favor and against defendant Paulina Bartolewski, in an amount in excess of $75,000 plus punitive damages, costs, expenses, attorney's fees and other amounts deemed appropriate by this Honorable Court.

## COUNT II
## PLAINTIFF WINNIE NICHOLS V DEFENDANT GIANNA UTILITY CONSTRUCTION

27. Plaintiffs incorporate by reference paragraphs 1 through 26 inclusive of their complaint as if fully set forth herein at length.

28. At all times material hereto, defendant Gianna Utility Construction negligently and carelessly hired, trained, retained, and entrusted Defendant Paulina Bartolewski, to operate the vehicle owned by Defendant Gianna Utility Construction.

29. Defendant Gianna Utility Construction is derivatively and vicariously liable for the negligent, careless, and reckless conduct, including conduct that showed a reckless disregard to the rights of plaintiff Winnie Nichols, of its agent, servant, and/or employee, Defendant Paulina Bartolewski, as stated herein, pursuant to the principles of agency, vicarious liability, and/or respondeat superior.

7

30.     Defendant Gianna Utility Construction's direct negligence and carelessness consisted of the following:

(a) Failing to hire competent and safe employee/drivers;

(b) Failing to properly train such employee drivers;

(c) Hiring, retaining and entrusting Defendant Paulina Bartolewski to operate a truck when it knew or should have known that defendant Paulina Bartolewski was not capable to operate that truck in a safe manner;

(d) Negligently hiring, training, retaining and entrusting the vehicle to defendant Paulina Bartolewski thereby causing the dangerous, careless, negligent, and reckless operation of its vehicle involved in the aforesaid accident.

31.     Solely as a result of the negligence, carelessness, and recklessness of defendant Gianna Utility Construction, plaintiff Winnie Nichols has suffered injuries which are serious and permanent in nature, including but not limited to a C4-5 bulge, C5-6 right herniation with annular tear, and C6-7 left herniation resulting in a C5-6 and C6-7 anterior cervical discectomy and fusion and instrumented arthrodesis.  Plaintiff Winnie Nichols also suffered a T1-2 herniation; bulging disc annuli at L3-4, L4-5 and L5-S1; low back pain with bilateral lumbar radiculopathy; cervicalgia with bilateral cervical radiculopathy and scarring on her neck from the cervical discectomy, which injuries have caused her to seek medical treatment.

32.     As a result of the negligence, carelessness, and recklessness of defendant Gianna Utility Construction, plaintiff Winnie Nichols has been or will be required to receive and undergo medical attention and to expend various sums of money and to incur various expenses and she will be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

8

33.     As a result of the negligence, carelessness, and recklessness of defendant Gianna Utility Construction, plaintiff Winnie Nichols has a medically determined physical impairment which prevents plaintiff Winnie Nichols from adequately performing all or substantially all of the material acts and duties which constitute plaintiff Winnie Nichols's usual customary activities prior to the accident.

34.     As a further result of the negligence, carelessness, and recklessness of defendant Gianna Utility Construction, plaintiff Winnie Nichols has or may hereinafter incur other financial expenses which do or may achieve amounts that plaintiff Winnie Nichols may otherwise be entitled to recover including payment for medical bills.

35.     As a direct result of the negligence, carelessness, and recklessness of defendant Gianna Utility Construction, plaintiff Winnie Nichols has or may hereinafter suffer severe physical pain, mental anguish, humiliation, embarrassment and scarring and she will continue to suffer same for an indefinite time in the future.

36.     As a further result of the negligence, carelessness, and recklessness of defendant Gianna Utility Construction, plaintiff Winnie Nichols suffered a loss of life's pleasures which may continue into the future.

37.     As a further result of the negligence, carelessness, and recklessness of defendant Gianna Utility Construction, plaintiff Winnie Nichols has and may continue to suffer severe loss of her earnings and an impairment of earning capacity and power.

WHEREFORE, plaintiff Winnie Nichols demands judgment in her favor and against defendant Gianna Utility Construction, in an amount in excess of $75,000 plus punitive damages, costs, expenses, attorney's fees and other amounts deemed appropriate by this Honorable Court.

### COUNT III
### PLAINTIFF WINNIE NICHOLS V DEFENDANT KEVIN CROCKER

9

38.     Plaintiffs incorporate by reference paragraphs 1 through 26 inclusive of their complaint as if fully set forth herein at length.

39.     At all times material hereto, defendant Kevin Crocker negligently and carelessly hired, trained, retained, and entrusted Defendant Paulina Bartolewski, to operate the vehicle owned by Defendant Kevin Crocker.

40.     Defendant Kevin Crocker is derivatively and vicariously liable for the negligent, careless, and reckless conduct, including conduct that showed a reckless disregard to the rights of plaintiff Winnie Nichols, of its agent, servant, and/or employee, Defendant Paulina Bartolewski, as stated herein, pursuant to the principles of agency, vicarious liability, and/or respondeat superior.

41.     Defendant Kevin Crocker's direct negligence and carelessness consisted of the following:

        (e)  Failing to hire competent and safe employee/drivers;

        (f)  Failing to properly train such employee drivers;

        (g)  Hiring, retaining and entrusting Defendant Paulina Bartolewski to operate a truck when it knew or should have known that defendant Paulina Bartolewski was not capable to operate that truck in a safe manner;

        (h)  Negligently hiring, training, retaining and entrusting the vehicle to defendant Paulina Bartolewski thereby causing the dangerous, careless, negligent, and reckless operation of its vehicle involved in the aforesaid accident.

42.     Solely as a result of the negligence, carelessness, and recklessness of defendant Kevin Crocker, plaintiff Winnie Nichols has suffered injuries which are serious and permanent in nature, including but not limited to a C4-5 bulge, C5-6 right herniation with annular tear, and

10

C6-7 left herniation resulting in a C5-6 and C6-7 anterior cervical discectomy and fusion and instrumented arthrodesis.  Plaintiff Winnie Nichols also suffered a T1-2 herniation; bulging disc annuli at L3-4, L4-5 and L5-S1; low back pain with bilateral lumbar radiculopathy; cervicalgia with bilateral cervical radiculopathy and scarring on her neck from the cervical discectomy, which injuries have caused her to seek medical treatment.

43.     As a result of the negligence, carelessness, and recklessness of defendant Kevin Crocker, plaintiff Winnie Nichols has been or will be required to receive and undergo medical attention and to expend various sums of money and to incur various expenses and she will be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

44.     As a result of the negligence, carelessness, and recklessness of defendant Kevin Crocker, plaintiff Winnie Nichols has a medically determined physical impairment which prevents plaintiff Winnie Nichols from adequately performing all or substantially all of the material acts and duties which constitute plaintiff Winnie Nichols's usual customary activities prior to the accident.

45.     As a further result of the negligence, carelessness, and recklessness of defendant Kevin Crocker, plaintiff Winnie Nichols has or may hereinafter incur other financial expenses which do or may achieve amounts that plaintiff Winnie Nichols may otherwise be entitled to recover including payment for medical bills.

46.     As a direct result of the negligence, carelessness, and recklessness of defendant Kevin Crocker, plaintiff Winnie Nichols has or may hereinafter suffer severe physical pain, mental anguish, humiliation, embarrassment and scarring and she will continue to suffer same for an indefinite time in the future.

11

47.     As a further result of the negligence, carelessness, and recklessness of defendant Kevin Crocker, plaintiff Winnie Nichols suffered a loss of life's pleasures which may continue into the future.

48.     As a further result of the negligence, carelessness, and recklessness of defendant Kevin Crocker, plaintiff Winnie Nichols has and may continue to suffer severe loss of her earnings and an impairment of earning capacity and power.

WHEREFORE, plaintiff Winnie Nichols demands judgment in her favor and against defendant Kevin Crocker, in an amount in excess of $75,000 plus punitive damages, costs, expenses, attorney's fees and other amounts deemed appropriate by this Honorable Court.

## COUNT IV
## PLAINTIFF BRIAN NICHOLS v PAULINA BARTOLEWSKI, GIANNA UTILITY CONSTRUCTION, AND KEVIN CROCKER

49.     Plaintiffs incorporate by reference paragraphs 1 through 48 inclusive of their complaint as if fully set forth herein at length.

50.     At all times material to this cause of action, plaintiff Brian Nichols is the husband of plaintiff Winnie Nichols.

51.     As a direct result of the defendant Paulina Bartolewski, Gianna Utility Construction, and Kevin Crocker's negligence, carelessness, and recklessness, plaintiff Brian Nichols has suffered the loss of society, comfort, companionship, services and consortium of his wife, plaintiff Winnie Nichols, all to his great detriment and loss.

WHEREFORE, plaintiff Brian Nichols demands judgment in his favor and against defendant Paulina Bartolewski, Gianna Utility Construction, and Kevin Crocker in an amount in excess of $75,000 plus punitive damages, costs, expenses, attorney's fees and other amounts deemed appropriate by the Honorable Court.

12

FOX LAW, P.C.


BY_____
JOHN F. FOX, JR., ESQUIRE
I.D. No. 31854
(Mailing Address)
P.O. Box 220
Plymouth Meeting, PA 19462
(Office Location)
Two Logan Square, Suite 2030
Philadelphia, PA 19103
215-568-6868
JohnFox@JFoxLaw.Com
Attorney for Plaintiffs
Winnie Nichols and
Brian Nichols, h/w